# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

In re MALINDA GOY JENKINS,     )   Case No. 04-64573-WA1-13
                               )
            Debtor.            )
                               )

## ORDER

For the reasons stated in the accompanying memorandum, The motion for adequate protection filed by TMC Finance, LLC, dba CarNow Acceptance Company, is denied.

So ORDERED.

Upon entry of this order the Clerk shall forward a copy to H. David Cox, Esq., counsel for the debtors, and J. Frederick Watson, Esq., counsel for the movant.

Entered on this 22nd day of March, 2005.

                                        /s/ William E. Anderson
                                        William E. Anderson
                                        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| In re MALINDA GOY JENKINS, | ) | Case No. 04-64573-WA1-13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MEMORANDUM

This matter comes before the court on a motion for adequate protection filed by TMC Finance, LLC, dba CarNow Acceptance Company ("CNAC"). On February 24, 2005, this matter came on for hearing before the court. The motion shall be denied.

*Facts*

On September 24, 2002, the debtor purchased a 1998 Chevrolet Lumina from J. D. Byrider for $9,273.90[1]. CNAC either financed the purchase or subsequently acquired the chattel paper. When the Lumina was damaged in an accident, the debtor executed a collateral substitution agreement giving CNAC a security interest in a 1998 Buick Regal ("the Collateral").

On December 8, 2004, the debtor filed a chapter 13 petition. On January 5, 2005, CNAC filed a proof of claim in the amount of $5,269.53. The proof of claim asserted that the value of the Collateral was $6,000.00 and that the debtor was $178.64 in arrears on the date of petition. On January 5, 2005, CNAC filed a motion for adequate protection based on the assertion that its

---

[1] The price included an 18-month service contract.

1

collateral will depreciate significantly before it begins to receive payments under the terms of the debtor's plan.

On February 24, 2005, the matter came on for hearing. At the hearing, CNAC asserted that the value of the vehicle was $5,875.00 on the date of petition. The debtor asserted that the value of the vehicle was $6,075.00 on the date of petition.

### *Discussion.*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) & (I). This court may render a final order.

The creditor brings this motion seeking adequate protection of its lien interest in the Collateral. In chapter 13, adequate protection may be defined as a creditor's right to be protected from loss of value of its collateral, that is, depreciation, during the delay between the filing of the case and confirmation. See Keith M. Lundin, Chapter 13 Bankruptcy, 3d. Ed, §67.2, p. 67-2. (2000 & Supp. 2004). Adequate protection may be necessary in chapter 13 in order to compensate the creditor for depreciation of its collateral during the period at the beginning of the case during which no payments are made to the collateral.

But when the fair market value of the collateral is greater than the amount of the debt owed, the creditor remains adequately protected against depreciation by the equity cushion inherent in the collateral.

Accepting the lowest fair market value asserted by either party to this dispute, the vehicle is worth at least $600.00 more than CNAC's claim. Accordingly, CNAC is adequately protected from the effect of depreciation for the foreseeable future and probably well beyond the date on which the trustee will began to make distributions to CNAC. Should the vehicle depreciate

2

below the amount of CNAC's claim, then it may renew this motion.

## *Conclusion*

CNAC is adequately protected by virtue of the fact that its collateral is sufficiently greater than the amount of its claim. The motion will be denied. The court will issue an appropriate order.

Upon entry of this Memorandum the Clerk shall forward a copy to H. David Cox, Esq., counsel for the debtors, and J. Frederick Watson, Esq., counsel for the movant.

Entered on this 22nd day of March, 2005.

William E. Anderson
United States Bankruptcy Judge

3